**YOUNG CUN SU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–3520–ag.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

Steven A. Mundie (Eugenie Moody, on the brief) Baron, Mundie & Shelkin, P.C., New York, N.Y., for Petitioner.

Brianne Whelan (Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel on the brief) Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED,** that the petition for review is **DENIED.**

Petitioner Young Cun Su, a citizen of the People's Republic of China, seeks review of the June 29, 2006 order of the BIA reversing the November 3, 2004 decision of Immigration Judge ("IJ") Margaret Mc-Manus granting his application for relief under the Convention Against Torture ("CAT"). *In re Young Cun Su,* No. A79 682 243 (B.I.A. June 29, 2006), *rev'g* No. A79 682 243 (Immig. Ct. N.Y. City Nov. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We give def-

erence to the agency's factual findings, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Su asserts that he is more likely than not to be tortured because he escaped from the military after he was detained for objecting to a potential future military campaign against Taiwan. In *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003), this Court held that "[i]mprisonment of military deserters does not inherently constitute torture," and that the petitioner failed to establish that someone in his "particular alleged circumstances" was more likely than not to be tortured. The petitioner in that case testified that he had been beaten following a prior desertion attempt and submitted background evidence indicating that torture occurs in Chinese prisons. The IJ found that Su's case was distinguishable because he was a "political dissident" who "publicly opposed a direct military order reflecting governmental policy." The BIA reversed, concluding that the IJ's finding that Su was a political dissident was "clearly erroneous," and that the record did not establish that Su was "more likely than not" to be tortured.

Substantial evidence supports the BIA's conclusion. The record indicates that Su's manifestation of opposition to government policy was a single statement that he objected to the use of force against Taiwan— for both personal and ideological reasons— and that he would not participate in any such war. As a result, he was detained briefly in a minimum security prison, where he was never mistreated, and from which he was able to escape. The Disciplinary Action Registration Form he submitted listed his offenses simply as "diso-

beying order[s]" and "leaving [his] post without authorization."

Given Su's mild past punishment and his own admissions regarding the punishments of other prisoners, the record does not compel a finding that he would be singled out for particular mistreatment, much less torture, on the basis of his one isolated expression of dissent. Moreover, the background evidence contained no information regarding torture of military deserters in particular. As such, the BIA did not err in reversing the IJ's grant of CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160–61 (2d Cir.2005); *Mu–Xing Wang*, 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is **DENIED.**